**In re TMI LITIGATION CASES CONSOLIDATED II**

**This Document Relates to: All Plaintiffs.**

Civil A. No. 1:CV–88–1452.

United States District Court, M.D. Pennsylvania.

April 9, 1996.

Arnold Levin, Philadelphia, PA, Lee C. Swartz, Hepford, Swartz & Morgan, Harrisburg, PA, Dusan Bratic, Bratic & Portko, Dillsburg, PA, Louis M. Tarasi, Jr., Tarasi & Johnson, P.C., Pittsburgh, PA, Peter J. Neeson, LaBrum & Doak, Philadelphia, PA, Terry S. Hyman, Harrisburg, PA, Gregory H. Knight, Hetrick, Zaleski, Ernico & Pierce, P.C., Harrisburg, PA, Richard P. Haaz, Philadelphia, PA, Robert S. Mirin, Harrisburg, PA, Gary DeVito, Zarwin, Baum, Resnick & Cohen, P.C., Philadelphia, PA, Shawn A. Bozarth, Harrisburg, PA, Melville Graham Merlin Walwyn, Melville G.M. Walwyn, P.C., Harrisburg, PA, Joseph D. Shein, Philadelphia, PA, and Earl L Harris, Harrisburg, PA, for plaintiffs.

Alfred H. Wilcox, Pepper, Hamilton and Scheetz, Philadelphia, PA, Fred Speaker, Camp Hill, PA, and Lewis S. Kunkel, Jr., Pepper, Hamilton & Scheetz, Harrisburg, PA, for defendants.

Charles B. Zwally, Michael D. Reed, Mette, Evans & Woodside, Harrisburg, PA, and Augustine V. Cheng, Associate General Counsel, New York City, for George Colbert.

*MEMORANDUM*

RAMBO, Chief Judge.

On April 2 and 5, 1996, this court issued memoranda of law ruling upon Defendants'

motion *in limine* to exclude Plaintiffs' medical causation experts, and upon several other outstanding issues. In the order accompanying the April 5 memorandum, the court noted that it would deny Defendants' motion *in limine* in part, and admit the proffered testimony of Dr. Jose Galindo, Jr. The court did not provide a rationale for its ruling at that time, indicating that a subsequent memorandum of law would be issued on this topic. *In re TMI Litigation Cases Consolidated II*, 922 F.Supp. 1038, 1054 n. 25 (M.D.Pa.1996). The court will now set forth the legal basis for its denial of Defendants' motion *in limine* to exclude the proffered testimony of Dr. Jose Galindo, Jr.

■ Due to a shortage of time during the *in limine* hearings, the court permitted Dr. Galindo and Dr. Cardinale to present their testimony via deposition. The deposition of Dr. Galindo was taken on March 12, 1996. Dr. Galindo is a treating physician of Plaintiff Lori Dolan. Although Plaintiffs have listed Dr. Galindo as an expert witness, no report has been filed on his behalf. At the beginning of the deposition, Defendants placed the following objection on the record:

> Today is March 12, 1996. The plaintiffs' expert reports with respect to any experts they intended to offer on the issues of dose or medical causation were due on March 1, 1995, more than a year ago. There has been no written report furnished to us with respect to this witness. We have no information as to the opinions he is expected to offer, the bases for those opinions, the facts and data on which he may have relied or on which he relies, or any of the other information required by Rule 26 and the practice orders of the Court. There has been no supplementation to responses to expert interrogatories with respect to this witness.

(3/12/96 Galindo Dep. at 3.) Plaintiffs' counsel noted on the record that "on August 30, 1995, [Defendants] . . . took the deposition of Dr. Galindo and the opinions of Dr. Galindo were contained therein. Since that time, there have been no requests from the Defendant for any reports, supplemental deposition testimony, or other information from this witness." (*Id.* at 3–4.) In the April 2 ruling, the court discussed at length Plaintiffs' misinterpretation of the disclosure requirements of Rule 26(a)(2)(B). *In re TMI*, 922 F.Supp. 997, 1001–08 (M.D.Pa.1996). It is unnecessary to restate that discussion here. It is sufficient to note that Rule 26 requires that Plaintiffs disclose certain information, including a report, related to their proffered experts. Defendants were not obligated to request this information. Plaintiffs failed to meet their disclosure obligations with respect to Dr. Galindo. Consequently, in accordance with § I of the April 2 memorandum, the court will consider this Rule 26 violation in the context of its order to show cause why monetary sanctions should not be imposed upon certain of Plaintiffs' counsel pursuant to Rule 37 of the Federal Rules of Civil Procedure.

■ Dr. Galindo is a treating physician of Plaintiff Lori Dolan. (3/12/96 Galindo Dep. at 9.) He began treating Plaintiff Dolan in November of 1992. (*Id.*) Dr. Galindo is board certified in internal medicine and in the subspecialties of endocrinology, diabetes and metabolism. (*Id.* at 5.) Additionally, he is an associate clinical professor at the Pennsylvania State University Medical School in Hershey, Pennsylvania. (*Id.* at 6.) If permitted, Dr. Galindo will testify that "the development of thyroid cancer in Lori Dolan is more likely a result of having been exposed to a significant amount of radiation at the time when she was outside [during the TMI accident.]" (*Id.* at 20.) Applying the qualifications prong of Rule 702 liberally, the court finds Dr. Galindo qualified to offer an expert opinion as to the cause of Plaintiff Dolan's cancer.

■ As with Dr. Cardinale, the central issue for the court is whether the proffered testimony of Dr. Galindo is based upon a scientifically reliable methodology. Like Dr. Cardinale, Dr. Galindo based much of his opinion on dose evidence provided to him by Plaintiffs' counsel. During his deposition, Dr. Galindo provided the following testimony:

> Q  So your opinion today with respect to the possible connection between Three Mile Island and [Plaintiff Dolan's] . . . can-

cer is based on what you learned from Lori Dolan during the dozen times or so that you saw her in your office and in the hospital, the history you took at that time, and then the materials attached to the July 20 letter from Plaintiff's counsel?

A That is correct.

(*Id.* at 23–24.) Dr. Galindo's deposition testimony reveals that his knowledge of the TMI accident and its potential effects was limited to the information provided to him by Plaintiffs' counsel. The following testimony is illustrative:

Q You said that you assumed or were told that she was within a mile of Three Mile Island at some point in time. What time and for how long was she there or were you told that she was there?

A The information that I have to the amount of time that she spent there I believe was only limited. So I don't have an exact amount of time. I don't have anything with an exact amount of time when she was there.

Q May I see what you're referring to?

A Sure.

Q This is a five-page document titled Plaintiff Summary: Lori R. Dolan, dated December 27, 1993. Do you know who wrote this?

A I'm unaware of who actually wrote it. I believe it was obtained.

Q It was sent to you by the plaintiff's attorneys?

A That's correct.

(*Id.* at 28–29.)

Q Did you make any assumption of the exposure of Lori Dolan?

A At which time?

Q At any time.

A At any time. More recently only the information that was available to me on this recent information. I could only make an assumption ... of 60 to 100 is what I believe was reported in the studies here.

(*Id.* at 36.) The court finds that insofar as Plaintiffs' dose evidence substantiates the exposure assumptions made by Dr. Galindo, his methodology is scientifically reliable. Accordingly, pursuant to this court's April 5

order, Defendants' motion *in limine* has been denied insofar as it pertained to Dr. Galindo. However, as indicated in the April 5 memorandum of law with respect to Dr. Cardinale, the proffered testimony of Dr. Galindo will need to be connected with relevant dose and exposure evidence to remain admissible. *In re TMI*, 922 F.Supp. at 1053–54; Fed.R.Evid. 104(b).